UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-02071-JLS-KES                                             Date: April 14, 2021
Title: Edgar Mariscal v. Arizona Tile, LLC et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Melissa Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                        Not Present

**PROCEEDINGS:   (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND (Doc. 14)**

Before the Court is a Motion to Remand brought by Plaintiff.  (Mot., Doc 14.)  Defendant opposed, and Plaintiff replied.  (Opp., Doc. 25; Reply, Doc 27.)  The Court finds this matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. R. 7-15.  Accordingly, the hearing set for April 16, 2021 at 10:30 a.m. is VACATED.  For the reasons given below, the Court DENIES Plaintiff's Motion.

**I.      BACKGROUND**

Plaintiff Edgar Mariscal ("Mariscal") was employed by Defendant Arizona Tile, LLC ("Arizona Tile") as an hourly-paid, non-exempt employee from approximately February 2013 until approximately July 2018 in Orange County, California.  (Compl., Ex. A to Notice of Removal ("NOR"), Doc. 1-1 ¶ 18.)  Mariscal alleges that Arizona Tile "engaged in a pattern and practice of wage abuse against [its] hourly-paid or non-exempt employees in the State of California [by] *inter alia*, failing to pay them for all regular and/or overtime wages earned and for missed meal periods and rest breaks in violation of California law."  (*Id.* ¶ 26.)  On September 15, 2020, Mariscal filed a class action complaint in Orange County Superior Court, asserting ten claims for: (1) Violation of Cal. Lab. Code §§510, 1198 (Unpaid Overtime); (2) Violation of Cal. Lab. Code §§ 226.7, 512(a) (Unpaid Meal Period Premiums); (3) Violation of Cal. Lab. Code §

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-02071-JLS-KES        Date: April 14, 2021
Title: Edgar Mariscal v. Arizona Tile, LLC et al

226.7 (Unpaid Rest Period Premiums); (4) Violation of Cal. Lab. Code §§1194, 1197, 1197.1 (Unpaid Minimum Wages); (5) Violation of Cal. Lab. Code §§ 201, 202 (Final Wages Not Timely Paid); (6) Violation of Cal. Lab. Code § 204 (Wages not timely Paid During Employment); (7) Violation of Cal. Lab. Code §226(a) (Non-Compliant Wage Statements); (8) Violation of Cal. Lab. Code § 1174(d) (Failure to Keep Requisite Payroll Records); (9) Violation of Cal. Lab. Code §§ 2800, 2802 (Unreimbursed Business Expenses); (10) Violation of Cal. Bus. & Prof. Code §17200 *et seq*. (Unfair Competition). (Compl. ¶¶ 47–117.) Mariscal also requests attorneys' fees, where applicable. (*Id.*)

On October 26, 2020, Arizona Tile timely filed a Notice of Removal ("NOR") asserting federal jurisdiction under the Class Action Fairness Act ("CAFA"). (NOR, Doc. 1.) In support of the NOR, Arizona Tile submitted a declaration by Sonya Granillo-Cathey, Arizona Tile's Senior Director of Human Resources, generally attesting to the size of the class; the number of wage statements issued to them; shifts/average hours worked; and average wages paid.[1] (Cathey Decl., Doc. 1-3.) Mariscal now moves to remand this action to Orange County Superior Court pursuant to 28 U.S.C. § 1447, arguing that this Court does not have subject matter jurisdiction because the amount in controversy is insufficient under CAFA. (Mot. at 1.)

## II.    LEGAL STANDARD

"[CAFA] vests federal courts with original diversity jurisdiction over class actions if: (1) the aggregate amount in controversy exceeds $5,000,000, (2) the proposed class consists of at least 100 class members, (3) the primary defendants are not States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief, and (4) any class member is a citizen of a state different from any defendant." *Mortley v. Express Pipe & Supply Co.*, 2018 WL 708115, at *1 (C.D. Cal. Feb. 5, 2018) (Staton, J.) (citing *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018,

---

[1] Arizona Tile attached to its Opposition a supplemental declaration by Ms. Granillo-Cathey generally affirming the same facts stated in her initial declaration. (Cathey Supp. Decl., Doc. 25-1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-02071-JLS-KES                                   Date: April 14, 2021
Title: Edgar Mariscal v. Arizona Tile, LLC et al

1020-21 (9th Cir. 2007); 28 U.S.C. § 1332(d)).[2]  Here, only the amount in controversy is at issue.

"In determining the amount in controversy [under CAFA], courts first look to the complaint.  Generally, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'"  *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938)).  Where damages are not explicitly pleaded or evident from the face of the complaint, and federal jurisdiction is questioned on that basis, "the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million." *Id.* (citing *Rodriguez v. AT&T Mobility Services LLC*, 728 F.3d 975, 981 (9th Cir. 2013)).  As this Court described in *Mortley*, "[a] defendant's preponderance burden 'is not daunting, as courts recognize that under this standard, a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages.'" 2018 WL 708115, at *2 (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204–05 (E.D. Cal. 2008)); *and see Unutoa v. Interstate Hotels & Resorts, Inc.*, 2015 WL 898512, at *3 (C.D. Cal. Mar. 3, 2015) ("[A] removing defendant is not required to go so far as to prove Plaintiff's case for him by proving the actual rates of violation.").

The Ninth Circuit has held that "CAFA's [amount-in-controversy] requirements are to be tested by consideration of [1] *real evidence* and [2] *the reality of what is at stake in the litigation*, using [3] *reasonable assumptions* underlying the defendant's theory of damages exposure." *Ibarra*, 775 F.3d at 1198 (emphasis added).  Hence, beyond actual evidence, district courts may consider context and reasonable conjecture when evaluating a removal premised on CAFA jurisdiction.  Unsurprisingly, district courts have diverged in what assumed or inferred facts they deem "reasonable" to supplement the facts alleged in the complaint and facts established by actual evidence.  *See, e.g.*, *Smith v. Diamond Resorts Management, Inc.*, 2016 WL 356020, at *3 (C.D. Cal. Jan. 29, 2016) (noting disagreement with other district courts as to how much overtime could be reasonably

---

[2] Moreover, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens* 135 S. Ct. 547, 554 (2014).

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:20-cv-02071-JLS-KES | Date: April 14, 2021 |
| Title: Edgar Mariscal v. Arizona Tile, LLC et al | |

inferred from similarly broad allegations); *Alvarez v. Office Depot, Inc.*, 2017 WL 5952181, at *3 (C.D. Cal. Nov. 30, 2017) (finding certain assumptions "reasonable" but "acknowledg[ing] that other courts in this District have been more skeptical of the sort of evidence" underlying that finding).

### III.   DISCUSSION

Here, the Complaint seeks no specific amount in damages and the amount in controversy is not apparent by looking at the Complaint's four corners; therefore, Arizona Tile must prove by a preponderance of the evidence that the damages claimed exceed $5,000,000. *See Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007) (overruled on other grounds).[3]  Accordingly, the Court will separately examine the amount placed in controversy by each of Mariscal's claims.  Once the $5 million threshold is met, no further inquiry is necessary. *See Mortley*, 2018 WL 708115, at *5 (declining to assess additional claims after the $5 million CAFA threshold is met); *Alvarez*, 2017 WL 5952181, at *4 (same).

#### A.   Meal and Rest Break Premiums

Mariscal claims that Arizona Tile intentionally and willfully required him and the putative class members to work during meal and rest periods without paying them the full meal and rest period premiums required by California law. (Compl. ¶¶ 61–63; ¶¶ 71–72.) The Complaint defines the putative class as "[a]ll current and former hourly-paid or non-exempt employees who worked for [Arizona Tile] within the State of California during the period from four years preceding the filing of this Complaint to final judgment and who reside in California." (Compl. ¶ 13.)

Arizona Tile proffers evidence that the putative class, as defined by the Complaint, includes at least 367 persons. (Cathey Decl. ¶ 7; Cathey Supp. Decl. ¶ 4.)  Arizona Tile also submits evidence that the putative class members worked 202,578 workdays over 3.5 hours during the relevant four-year period, and 200,030 workdays over 5.00 hours.

___

[3] A defendant may rely on: (1) the allegations in the pleadings, (2) factual statements in its removal notice and (3) summary-judgment-type evidence submitted in opposition to a remand motion. *See Yocupicio v. PAE Grp., LLC*, No. CV 14-8958-GW JEMX, 2014 WL 7405445, at *2 (C.D. Cal. Dec. 29, 2014) (reversed on other grounds).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:20-cv-02071-JLS-KES | Date: April 14, 2021 |
| Title: Edgar Mariscal v. Arizona Tile, LLC et al | |

(Cathey Decl. ¶¶ 7, 9.) The putative class members received at least an average hourly rate of $18.38 during that time. (Cathey Decl. ¶ 9.) Assuming a violation rate of 25%, Arizona Tile calculates that Mariscal's claims place in controversy $930,846 in unpaid rest period premiums[4] and $919,138 in unpaid meal period premiums.[5] (Opp. at 7; NOR ¶¶ 21–22.)

      Courts disagree about the violation rate that can be assumed where, as here, the Complaint does not allege any specific violation rate. *Compare Sanchez v. Russell Sigler, Inc.*, No. CV 15-01350 AB (PLAX), 2015 WL 12765359, at *6 (C.D. Cal. Apr. 28, 2015) (acknowledging the split and holding that "[e]ven following *Ibarra*," it was reasonable to assume a 100% violation rate where "Plaintiff alleges that 'at all material times,' Defendant failed to provide putative class members with uninterrupted meal and rest periods as required by California law") *with Armstrong v. Ruan Transp. Corp.,* 2016 WL 6267931, at *3 (rejecting defendant's one-violation-a-week assumption because (1) plaintiff's allegation that defendant failed to provide "all legally required" breaks did not amount to an allegation that defendant failed to provide each and every break, and (2) defendant proffered no evidence in support of the violation rate). Here, the Complaint offers no limiting principle with respect to the meal and rest period violation rate, asserting only that Arizona Tile required Mariscal and putative class members to work through meal and rest breaks "[d]uring the relevant time period." (*See* Compl. ¶¶ 61–63; ¶¶ 71–72.) While the assumptions made in support of the amount in controversy calculation must be reasonable, Arizona Tile is not "obligated to research, state, and prove the plaintiff's claims for damages." *Mortley*, 2018 WL 708115, at *2. The assumed violation rate of 25% is conservative and reasonable in light of Mariscal's failure to offer any alternative limiting principle or rebuttal evidence. Therefore,

---

      [4] $18.38 (average base hourly rate for putative class members during the four-year period) x (25% (violation rate) x 202,578 (workdays over 3.5 hours worked by putative class during the applicable four-year period)) = $930,846
      [5] $18.38 (average base hourly rate for putative class members during the four-year period) x (25% (violation rate) x 200,030 (workdays over 5 hours worked by putative class during the applicable four-year period)) = $919,138

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-02071-JLS-KES                                          Date: April 14, 2021
Title: Edgar Mariscal v. Arizona Tile, LLC et al

Mariscal's claims for unpaid meal and rest break premiums respectively put $930,846 and $919,138 in controversy, totaling $1,849,984.

### B. Waiting Time Penalties

Mariscal alleges that Arizona Tile intentionally and willfully failed to pay him and the other class members who are no longer employed by Arizona Tile their earned and unpaid wages within seventy-two (72) hours of their leaving Arizona Tile's employ and therefore violated California Labor Code sections 201 and 202.  (Compl. ¶¶ 84-85.)  Mariscal alleges that, as a result, "[he] and the other class members are entitled to recover from [Arizona Tile] the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203." (Compl. ¶ 87.)

Arizona Tile submits evidence that the approximate number of putative class members who were terminated during the relevant period is 147; their average rate of pay was $17.36; and they worked an average of 8.37 hours per day during their employment. (Cathey Decl. ¶ 10; Cathey Supp. Decl. ¶ 7.)  Arizona Tile contends that in calculating the amount placed in controversy by the waiting time penalty claim, it is appropriate to assume each one of the 147 terminated class members was owed but not paid at least some of their wages at termination and accrued 30 days of waiting time penalties based on those unpaid wages.  (NOR ¶ 27.)  The Court agrees.  As this Court has previously held, "[a plaintiff's] allegations of unpaid wages are implicit allegations of maximum damages for waiting time penalties." *Ramos v. Schenker, Inc.*, No. 5:18-CV-01551-JLS-KK, 2018 WL 5779978, at *2 (C.D. Cal. Nov. 1, 2018) (Staton, J.) (collecting cases).  Therefore, Mariscal's claim for waiting time penalties puts $640,787 in controversy.[6]

### C. Labor Code 204 Penalties

Mariscal alleges Arizona Tile has intentionally and willfully failed to pay him and the other class members all wages due to them within any time period permissible under California Labor Code section 204 ("Section 204").  (Compl. ¶ 92.)  California Labor

---

[6] 147 (terminated class members) x $17.36 (average hourly rate) x 8.37 (average hours per day) x 30 days= $640,787

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-02071-JLS-KES                                     Date: April 14, 2021
Title: Edgar Mariscal v. Arizona Tile, LLC et al
___

Code section 210 provides for a recovery of $100 for the initial violation of California Labor Code section 204 and $200 for each subsequent violation. Cal. Labor Code § 210.

In support of removal, Arizona Tile submits evidence that it employed 261 putative class members who were issued a total of 5,925 wage statements for the applicable pay periods during the one-year statute of limitations period from September 15, 2019 to the time of removal. (Cathey Decl. ¶ 11.) Arizona Title's calculation assumes an initial violation for each of the 261 putative class members, and a 100% subsequent violation rate for each of the 5,925 wage statements. (Opp. at 13; NOR ¶¶ 31–32.) Because Mariscal's allegations of wage statement violations are not limited in any manner, it is reasonable to assume, for purposes of the jurisdictional analysis, that each of the wage statements proffered by Arizona Title violates Section 204. Other district courts have held that it is particularly reasonable to assume that each putative class member suffered at least one violation during any given pay period, resulting in an inaccurate wage statement, where, as here, plaintiff also alleges that defendant had a policy or practice of failing to pay minimum wages and overtime wages, and failing to provide meal periods. *See Altamirano v. Shaw Industries, Inc.*, 2013 WL 2950600, *11 (N.D. Cal. June 14, 2013).

However, Cathey's declaration in support of removal states only that the putative class members were issued *a total of* 5,925 wage statements. (Cathey Supp. Decl. ¶ 8.) The declaration nowhere states that the number is exclusive of the initial wage statements. Indeed, by stating that the number represents the "total" wage statements issued to those 261 putative class members, Cathey seemingly implies that the number includes initial wage statements. Accordingly, Arizona Tile's calculation of the Section 204 penalties based on an assumption of 261 initial violations and 5,925 subsequent violations is flawed. The Court therefore subtracts the 261 initial statements from the total when calculating the amount placed into controversy by subsequent violations. Accordingly, Mariscal's claim for violation of Section 204 places $1,158,900 in controversy—$26,100 for initial wage statement violations[7] and $1,132,800 for

___

[7] 261 (initial wage statements) x $100 (statutory penalty for initial violations)= $261,000

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-02071-JLS-KES  Date: April 14, 2021
Title: Edgar Mariscal v. Arizona Tile, LLC et al

subsequent violations.[8]

### D. Unpaid Overtime

Mariscal alleges that, during the putative class period, he and other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation for all overtime hours worked. (Compl. ¶ 37.)

Arizona Tile also submits evidence that the putative class members were paid at least an average hourly rate of $18.38 during the relevant four-year period, and that the putative class members worked a minimum of 160,271 shifts that exceeded 8 hours during that time. (*Id.* ¶¶ 7,8.) Arizona Tile's records indicate that 147 of the putative class members—those terminated since September 15, 2017—worked an average of 8.37 hours per day during their employment. (Cathey Decl. ¶ 10.) Based on that data, Arizona Tile assumes that the 367 class members worked an average of 0.37 hours of (allegedly unpaid) overtime per each of the 160,271 overtime shifts worked. (*Id.*; NOR ¶ 15.) Based on the foregoing, Arizona Tile concludes that Mariscal's claim for unpaid overtime places in controversy at least $1,634,908.[9]

Arizona Tile requests that the Court assume the amount of *unpaid* overtime worked per each of the 160,271 overtime shifts worked by *all* class members based on evidence showing that a *subset* of class members worked an average of 0.37 *paid* overtime hours a day during their employment. While the Court does not see the logic of this particular assumption, as Arizona Tile correctly notes, it is not far from an assumption of one hour of unpaid overtime for every week of work, which courts, including this Court, have previously accepted as reasonable. (Opp. at 6 (citing *Jasso v. Money Mart Express, Inc.*, 2012 WL 699465, at *5-6 (N. D. Cal. March 1, 2012); *Ray v. Wells Fargo Bank, N.A.*, 2011 WL 1790123, at *6-7 (C.D. Cal. May 9, 2011)). Indeed, this Court has previously held that "an assumption of one hour of overtime per week is reasonable when a plaintiff alleges a pattern or practice of violation." *Mortley*, 2018 WL 708115, at *4 (citing *Arreola v. Finish Line*, 2014 WL 6982571, at *4 (N.D. Cal. Dec. 9,

---

[8] (5,925 (total wage statements) – 216 (initial wage statements)) x $200 (statutory penalty for subsequent violations) = $1,132,800

[9] (1.5 (statutory penalty rate) x $18.38 (average hourly wages)) x 0.37 (average hours overtime) x 160,271 (shifts over 8 hours))=$1,634,908

___

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:20-cv-02071-JLS-KES | Date: April 14, 2021 |
| Title: Edgar Mariscal v. Arizona Tile, LLC et al | |

___

2014)). Here, Mariscal's Complaint alleges that Arizona Tile has "engaged in a pattern and practice" of wage abuse by, among other things, "failing to pay them for all regular and/or overtime wages earned," (*see* Compl. ¶ 26); therefore, an assumption that each putative class member worked one hour of unpaid overtime per workweek is reasonable. The assumption of 0.37 hours per shift is reasonable and in line with an assumption of an hour of overtime a week.[10]   Accordingly, the overtime claim places $1,634,908 into controversy.

### E. Attorneys' Fees

The Ninth Circuit has confirmed that "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018). "In estimating future attorneys' fees, district courts may likewise rely on their own knowledge of customary rates and their experience concerning reasonable and proper fees." *Id.* at 795 (internal quotation marks omitted). In this Court's experience, "[w]hen including attorneys' fees within the amount-in-controversy for jurisdictional purposes, courts in this circuit consistently use the 25% benchmark rate," especially in wage and hour class actions like this one where fee awards at settlement typically require court approval. *Garcia v. Lifetime Brands, Inc.*, No. EDCV 15-1924-JLS (SPx), 2016 WL 81473, at *4 (C.D. Cal. Jan. 7, 2016) (citing *Heejin Lim v. Helio, LLC*, 2012 WL 359304, at *3 (C.D. Cal. Feb. 2, 2012); *Jasso v. Money Mart Express, Inc.*, 2012 WL 699465, at *7 (N.D. Cal. Mar. 1, 2012)).[11]   As with the "damages" calculations above, this is not to say that attorneys' fees here will ultimately amount to 25% of any class award; but the 25% benchmark provides a non-speculative guidepost

___

[10] Indeed, a one-hour-a-week estimate would assume 0.2 hours of overtime worked each workday. Although Arizona Tile's proposed 0.37 proposed overtime rate is higher, once attorney's fees are factored in, the amount in controversy would exceed the jurisdictional amount under either measure, and the Court need not adjust the rate here.

[11] The Ninth Circuit advises that the 25% benchmark should not be applied *per se* because the recoverable fees may be "limited by the applicable contractual or statutory requirements that allow fee-shifting in the first place." *Fritsch*, 899 F.3d at 796.  No such limitations apply to Mariscal's claims here.  Cal. Lab. Code § 1194(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-02071-JLS-KES                            Date: April 14, 2021
Title: Edgar Mariscal v. Arizona Tile, LLC et al

for assessing jurisdiction. Therefore, Mariscal's requests for attorneys' fees with respect to the claims enumerated above puts $1,321,145 in controversy.[12]

      **F. CAFA Threshold Met**

In sum, even before reaching Mariscal's claim for wage statement violations, the claims discussed above place $6,605,724 in controversy.[13] The Court's calculations rely predominantly on the allegations made in the Complaint and the evidence submitted, and make only minimal, reasonable assumptions, as permitted under *Ibarra*.

**IV. CONCLUSION**

For the foregoing reasons, the jurisdictional threshold is met, and Mariscal's Motion is DENIED.

Initials of Deputy Clerk: mku

---

[12] 0.25 (benchmark fee award rate) x ($1,849,984 (meal and rest breaks) + $640,787 (waiting time penalties) + $1,158,900 (Labor Code 204 Penalties) + $1,634,908 (unpaid overtime)) = $1,321,145

[13] $1,849,984 (meal and rest breaks) + $640,787 (waiting time penalties) + $1,158,900 (Labor Code 204 Penalties) + $1,634,908 (unpaid overtime) + $1,321,145 (attorney's fees) = $6,605,724